**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| MRR Southern, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:09-cv-03102-JMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Citizens for Marlboro County, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Citizens for Marlboro County's ("Defendant") Motion for Sanctions [Dkt. No. 59] in the amount of attorneys' fees and costs pursuant to Rule 11(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Specifically, Defendant alleges that Plaintiff, MRR Southern ("MRR"), is subject to sanctions under Rule 11(c) for filing a complaint without any evidentiary basis and, in the alternative, is subject to sanctions under 28 U.S.C. § 1927 for continuing to defend the action when it became apparent that evidentiary support for their claim was absent. For the reasons given in this order, Defendant's motion is denied.

**FACTUAL BACKGROUND**

MRR is a company formed for the purpose of developing a sanitary landfill on a site in Northern Marlboro County. Defendant is a local citizens group consisting of Marlboro County residents and/or property owners who opposed the construction of the proposed landfill. Defendant was vocal in its opposition to the landfill, engaging in a public relations campaign that ran advertisements in the newspapers of general circulation in Marlboro County and publishing information about the proposed landfill and Defendant's opposition to it on a website. On November 30, 2009, MRR brought

suit against Defendant for defamation [Dkt. No. 1]. On March 26, 2012, this court issued an Order [Dkt. No. 57] granting Defendant's motion for summary judgment. On April 9, 2012, Defendant filed the instant motion alleging that MRR's defamation claim was frivolous in violation of Rule 11 of the Federal Rules of Civil Procedure. As an alternative grounds for relief, Defendant alleges that MRR "unreasonably and vexasiously" multiplied the proceedings in this case, an action for which 28 U.S.C. § 1927 provides relief to the moving party's attorneys in the amount of excess costs, expenses and fees incurred as a result of the needless litigation. Defendant characterizes MRR's lawsuit as a so-called SLAPP suit, an acronym for Strategic Lawsuits Against Public Participation. Such SLAPP suits are a version of intimidation litigation in which a plaintiff files a defamation suit not necessarily to win but to intimidate and discourage present and future participation in public discourse through prolonged litigation.

## DISCUSSION

### A. Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides in part that by presenting pleadings, motions or other documents to the court, an attorney certifies to the court that

> to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  If a court determines that a party has filed a frivolous claim in violation of Rule 11, the court may impose an appropriate sanction.  FED. R. CIV. P. 11(c)(1).  Importantly, Rule 11 contains a "safe-harbor" provision which requires that the non-moving party be given "notice and a reasonable opportunity to respond" before the claim is submitted to the court, allowing the challenged claim to be "withdrawn or appropriately corrected within 21 days after service."  FED. R. CIV. P. 11(c)(1)-(2).

MRR argues that Defendant's motion fails to meet Rule 11(c)'s prerequisites for the imposition of sanctions.  Specifically, Defendant did not serve its motion on MRR before filing it with the court and further, Defendant waited until after summary judgment had been granted to assert its Rule 11 motion.  As a result, MRR was unable to take advantage of Rule 11's safe harbor provision having been given no notice of the challenge to its pleadings and having had no opportunity to withdraw or correct the challenged pleadings.  Defendant argues that the United States Court of Appeals for the Fourth Circuit has held that Rule 11's safe harbor provision is not jurisdictional such that the court is not barred from ruling on the motion despite its late and procedurally improper filing.  *See Rector v. Approved Fed. Sav. Bank*, 265 F.3d 248, 252-53 (4th Cir. 2001)[1].  However, the Fourth Circuit has also stated that the safe harbor provisions of Rule 11(c)(1)(A) "preclude the serving and filing of any Rule 11 motion after the conclusion of the case."  This holding comports with the Advisory Committee notes to Rule 11, which state "a party cannot delay serving its Rule 11 motion until conclusion of the case."  Note, FED. R. CIV. P. 11.

---

[1] The *Rector* court has noted that other circuits have found the procedural requirements of Rule 11 are mandatory prerequisites.  *Id.* at 251-52.  Additionally, Judge King authored a vigorous dissent in which he argued that the procedural requirements of Rule 11 were mandatory and jurisdictional.

Defendant additionally asks the court to consider imposing Rule 11 sanctions *sua sponte*, noting a Fourth Circuit decision in which the court stated that "Rule 11 sanctions may be imposed when a case is no longer pending." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002). While this may be true in some circumstances, this court is not persuaded that MRR's claim was frivolous such that Rule 11 sanctions are warranted, much less that this court, should, *sua sponte*, order such sanctions. *See id.* at 151 (opining that because "a *sua sponte* show cause order deprives a lawyer against whom it is directed of the mandatory twenty-one day 'safe harbor' provision . . . in such circumstances, a court is obliged to use extra care in imposing sanctions on offending lawyers.").

In the case at bar, there was a legitimate dispute between the parties as to whether MRR was a public figure for the purposes of the defamation claim. This particular issue determined which defamation test to apply; specifically, if MRR was found to be a public figure, as they eventually were, MRR needed to establish constitutional malice on Defendant's part by a clear and convincing standard. Defendant argues that MRR could have easily determined from "a cursory review of the applicable law" that it was a public figure for the purposes of this case and that in so doing, it would have "realized just how burdensome its evidentiary standards would be in the case." *See* Memorandum in Support of Motion for Fees and Costs, at 5 [Dkt. No. 59-1]. However, the test for whether a legal position is sanctionable is not that the claim has little chance of success but that "the legal argument has 'absolutely no chance of success under existing precedent.'" *Hunter*, at 153 (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998). The court does not find that MRR's argument had absolutely no chance of success,

notwithstanding the court's decision in Defendant's favor. Instead, the court finds that MRR brought a meritorious claim. As a result, the court denies Defendant's motion for sanctions under Rule 11(c) and declines the invitation to impose those sanctions *sua sponte*.

### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The focus of section 1927 is "on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). Section 1927 "is unconcerned with the merits of the lawsuit, . . . and 'does not distinguish between winners and losers, or between plaintiffs and defendants.'" *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762 (1980)). Therefore, the fact that MRR lost its case is not relevant in determining whether it unreasonably or vexatiously multiplied the proceedings.

Defendant argues that MRR should be sanctioned under 28 U.S.C. § 1927 because it continued to litigate the case after discovery, by which time it should have realized that its claim no longer had merit. Defendant complains it was compelled to continue defending the case, which included writing a 26-page summary judgment motion and a ten-page response to Defendant's reply. As evidence of MRR's alleged unreasonableness in continuing the action, Plaintiff points to MRR's eight-page response to Defendant's summary judgment motion. Defendant cites *Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 225 (4th Cir. 2008), a case it argues is directly on point, in which the

Fourth Circuit found a district court did not abuse its discretion in awarding fees incurred after Plaintiff's attorney was put on actual notice by Plaintiff's deposition testimony that Plaintiff's claims had no merit. *Id.* The court noted that the content of the summary judgment opposition submitted by Plaintiff's attorney essentially confirmed the attorney's awareness that the claims were meritless because it abandoned the theory of the case previously approved by the court and argued a new theory of the case based on facts not pled in the complaint. *Id.*

Defendant argues that, as in *Slavin,* MRR's inadequate summary judgment response is tantamount to an acknowledgement that its case was without merit. Upon review of MRR's summary judgment response, the court finds that, though short in comparison to Defendant's summary judgment motion, MRR addresses the elements of defamation and supports its positions with deposition testimony and exhibits. Plaintiff's alleged failure to do so thoroughly does not demonstrate an abandonment of the claims as in *Slavin*. Even if, as Defendant claims, Plaintiff fell well short of meeting its evidentiary burden by a clear and convincing standard, the just result is their loss in court but not, in this case, the imposition of sanctions. Additionally, in responding to the instant motion, MRR continues to maintain several of its positions including that it is not a limited public figure even though the court found that it was and that Defendant's statements were false even though the court found that Defendants had a good faith belief that such statements were true.

For these reasons, the court finds that MRR did not unreasonably and vexatiously multiply the proceedings by continuing to seek a favorable resolution to its case. The court denies Defendant's claims for sanctions pursuant to 28 U.S.C. § 1927.

**CONCLUSION**

For the foregoing reasons, the court **DENIES** Defendant's Motion for Sanctions [Dkt. No. 59].

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Court

January 8, 2013
Florence, South Carolina